IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

    Plaintiff,

v.

WHITE MOUNTAIN MINING CO., LLC
a West Virginia Limited Liability Company,
APACHE MINING CO, LLC
a West Virginia Limited Liability Company,

    Defendants,

WHITE MOUNTAIN MINING CO., LLC
a West Virginia Limited Liability Company,

    Counterclaimant and Third
    Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation

    Counterclaim and Third Party Defendants.



Civil Action No. 2:05-0822

Answer, Counterclaim and
Third Party Complaint of
White Mountain Mining Co.,
LLC

ANSWER, COUNTERCLAIM AND THIRD
PARTY COMPLAINT OF DEFENDANT
WHITE MOUNTAIN MINING CO., LLC

ANSWER

For its Answer to the Complaint filed by American Metals & Coal International, Inc. "Plaintiff"), Defendant White Mountain Mining Co., LLC ("WMM") states as follows:

First Defense

1. The Complaint fails to state a claim against WMM upon which relief can be granted.

Second Defense

2. The Plaintiff breached the contract set forth in the Complaint. The parties supplemented the contracts set forth in Plaintiff's complaint to provide that with each shipment of coal by WMM to Wheeling Pittsburg Steel under the contract the Plaintiff would place an additional spot order for WMM coal on its own account at the then market price so that the net payable for coal would have a blended price of approximately $75 per ton. The Plaintiff breached the amended contract by failing to place the spot coal orders. As a consequence of the Plaintiff's breach, WMM was excused from further performance of the contracts.

Third Defense

3. The Plaintiff's claim against WMM is barred by the statute of frauds.

Fourth Defense

4. WMM asserts the defense of setoff to the extent of the matters set forth in the Counterclaim and Third Party Complaint.

Fifth Defense

5. The Plaintiff is estopped by its own conduct to assert the matters set forth in the Complaint.

Sixth Defense

6. The Plaintiff's claims are barred by the defense of laches.

7. WMM gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to assert such defenses.

Response to Specific Allegations of Complaint

8. In response to the allegations contained in paragraph 1 of the Complaint, WMM admits that WMM and Apache were parties to a coal sales contract with the Plaintiff, but denies all of the remaining allegations of said paragraph.

9. WMM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

10. WMM admits the allegation in paragraph 3 of the Complaint.

11. WMM denies the allegation in paragraph 4 of the Complaint and avers that Apache was dissolved in September, 2004.

12. WMM admits the allegations in paragraphs 5 and 6 of the Complaint.

13. WMM denies the allegations in paragraphs 7, 8, 9 and 10 of the Complaint.

14. WMM hereby incorporates by reference its responses herein to the paragraphs realleged in Paragraph 11 of the Complaint.

15. WMM denies the allegations contained in paragraph 12 of the Complaint.

16. WMM denies the allegations contained in paragraph 13 of the Complaint.

17. WMM denies each and every allegation set forth in the Complaint not specifically admitted herein.

18 To the extent warranted by discovery and further development of this civil action, WMM reserves the right to (i) amend the admissions and denials in this Answer, and (ii) assert additional defenses, including but not limited to, the affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE WMM requests that the Court grant the following relief in connection with the Plaintiff's Complaint:

(a) dismiss Plaintiff's Complaint;

(b) grant WMM a trial by jury on all issues so triable;

(c) award WMM its costs and reasonable attorney fees incurred in defense of this matter; and

(d) such other and further relief as may be just.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

White Mountain Mining Co., LLC, states as follows for its Counterclaim and Third Party Complaint against American Metals & Coal International, Inc., American Metallurgical Coal Sales, LLC and SCM, Inc. (jointly the "AMCS Defendants").

## PARTIES/JURISDICTION

1. Third Party Plaintiff, White Mountain Mining Co., LLC ("WMM"), is a West Virginia limited liability company with its principal place of business in Raleigh County, West Virginia.

2. Plaintiff and Counterclaim Defendant, American Metals & Coal International, Inc. ("AMCI") is a Delaware corporation that does business in the Southern District of West Virginia.

3. Third Party Defendant, American Metallurgical Coal Sales, LLC. ("AMCS") is a North Carolina limited liability company that does business in the Southern District of West Virginia.

4. Third Party Defendant, SCM, Inc. ("SCM") is a West Virginia corporation that was formerly known as Metcoal Sales, Inc.

5. WMM is informed and believes that at all times relevant to the matters set forth herein, the AMCS Defendants were commonly controlled companies that jointly constituted either a joint venture or an alter ego or successor of the other. References to any of the AMCS Defendants individually in this Counterclaim and Third Party Complaint are intended to encompass the actions of any and all of the AMCS Defendants.

6. The Court has subject matter jurisdiction over the claims made in this Counterclaim and Third Party Complaint and has personal jurisdiction over the AMCS Defendants.

7. Venue is appropriate before this Court because a substantial part of the acts and omissions at issue in this case occurred in the Southern District of West Virginia.

FACTUAL ALLEGATIONS

Sales Agent Transactions

8. WMM was organized in July, 2004 as a result of confirmation of an Amended Joint Plan of Reorganization ("Plan") filed by White Mountain Mining Co, LLC, a Florida limited liability company ("White Mountain") and certain subsidiaries in a chapter 11 bankruptcy

proceeding in the United States Bankruptcy Court for the Southern District of West Virginia, case number 02-50480.

9. Apache Mining Co., LLC ("Apache") was a former subsidiary of White Mountain that has been dissolved by the operation of law, as provided under the terms of the Plan.

10. Under the Plan, the assets of Apache and White Mountain were vested in WMM such that WMM succeeded to the causes of action held by White Mountain and Apache set forth in this Counterclaim and Third Party Complaint.

11. White Mountain and AMCS were parties to a Sales Agency Agreement dated October 15, 2001 ("Sales Agency Agreement").

12. Under the Sales Agency Agreement, AMCS acted as coal sales agent for White Mountain.

13. Under the terms of the Sales Agency Agreement, AMCS would contract with purchasers for the sale of White Mountain coal and coordinate the shipments of White Mountain's coal to the purchasers.

14. At times prior to the bankruptcy proceeding, AMCS acted under the Sales Agency Agreement as White Mountain's agent whereby it contracted with Wheeling Pittsburgh Steel ("Wheeling Pitt") for the sale of coal produced by White Mountain (the "WP Contract").

15. White Mountain provided coal to AMCS to ship to Wheeling Pitt under the WP Contract and AMCS paid White Mountain the sums due by Wheeling Pitt under the WP Contract.

16. Subsequent to White Mountain's receipt of payments from AMCS for shipments to Wheeling Pitt, Wheeling Pitt advised White Mountain that it had not received certain shipments of the coal due under the WP Contract.

17. After being advised by Wheeling Pitt that it had not received the coal shipped, White Mountain discovered that the AMCS Defendants had diverted the coal allocated for the WP Contract and sold the coal to other parties at a price materially higher than that provided under the WP Contract ("Third Party Sales").

18. The AMCS Defendants retained all of the coal sales proceeds from the Third Party Sales beyond what the AMCS Defendants paid to White Mountain based on the sales price of coal under the WP Contract, but failed to disclose to White Mountain that the coal had not been shipped to Wheeling Pitt or that the AMCS Defendants had the additional profit margin from the secret Third Party Sales.

Bankruptcy Transactions

19. On and after March 22, 2003, SCM and Apache entered into an agreement whereby Apache would sell White Mountain-produced coal to SCM and supply the same to Wheeling Pitt ("SCM Agreement"). The parties supplemented the agreement by agreeing that, with each shipment of coal by White Mountain to Wheeling Pitt under the contract, the Plaintiff would place an additional spot order with WMM coal on its own account at the then market price so that the net amounts payable for coal would have a blended price of approximately $75 per ton.

20. The AMCS Defendants breached the SCM Agreement by failing and refusing to place the spot orders and seeking performance of only the lower priced order to be shipped to Wheeling Pitt.

21. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 20 into each of the following causes of action.

## CAUSES OF ACTION

### Count I - Breach of Sales Agency Agreement

22. The AMCS Defendants breached the Sales Agency Agreement by (i) diverting coal intended for Wheeling Pitt to another buyer, (ii) failing to disclose the fact that the WP Contract coal was diverted to another purchaser, (iii) failing to disclose the fact that it had charged a higher price for the WP Contract coal from another purchaser, and (iv) by retaining and failing to remit to White Mountain all sums to which White Mountain was entitled.

23. WMM was damaged as proximate result of the AMCS Defendants' breach of the Sales Agency Agreement. WMM is entitled to recover from the AMCS Defendants compensatory damages sufficient to place WMM in such position as if the Sales Agency Agreement had been satisfactorily performed and White Mountain paid all sums and to which it was entitled.

### Count II – Breach of SCM Agreement

24. The AMCS Defendants breached the SCM Agreement by failing to place spot coal orders for White Mountain coal.

25. WMM was damaged as a proximate result of the AMCS Defendants' breach. WMM is entitled to recover from the AMCS Defendants compensatory damages sufficient to place WMM in such position as if the SCM Agreement had been satisfactorily performed and White Mountain paid all sums and to which it was entitled.

### Count III - Unjust Enrichment

26. By diverting coal intended for Wheeling Pitt to another purchaser at a higher price and retaining the higher sales proceeds, AMCS acted outside of the terms of the Sales Agency Agreement.

27. The AMCS Defendants were unjustly enriched to the extent they retained profits in excess of the commission they were to receive under the sale of coal intended for Wheeling Pitt.

28. WMM is entitled to entry of judgment finding that AMCS Defendants were unjustly enriched and that WMM be awarded all appropriate damages flowing from such unjust enrichment.

Count IV – Conversion & Breach of Duty

29. As coal sales agent for White Mountain under the Sales Agency Agreement, the AMCS owed a fiduciary duty to White Mountain and acted as a bailee for White Mountain with respect to White Mountain's coal.

30. By secretly diverting the coal intended for Wheeling Pitt and selling such coal at an increased profit to another buyer, the AMCS Defendants breached their fiduciary duties and wrongfully converted White Mountain's assets for their private benefit and to the detriment of White Mountain.

31. As a direct and proximate result of the conduct of the AMCS Defendants, WMM has been and continues to be injured.

32. The AMCS Defendants acted willfully and intentionally to deprive WMM of its rights and interests so as to entitle WMM to recover punitive damages and attorney fees from the AMCS Defendants.

Count V - Fraud

33. AMCS made a material representation to White Mountain that it would act in the best interests of White Mountain in the sale of coal and further act to ensure shipment of coal under the WP Contract to Wheeling Pitt.

9

34. By remitting sums to White Mountain representative of the purchase price to be paid by Wheeling Pitt for coal under the WP Contract, the AMCS Defendants made a material representation to White Mountain that AMCS had, in fact, performed its obligation to sell such coal to Wheeling Pitt.

35. White Mountain relied on the AMCS and AMCS Defendants' representations to its detriment by shipping coal and in accepting tender of payment of a sum representative of the purchase price to be paid by Wheeling Pitt when AMCS had, in fact, sold the coal intended for Wheeling Pitt to another purchaser at a higher price and retained the excess profits from such sale.

36. WMM was damaged as a proximate result of the fraud of the AMCS Defendants and is entitled to recover compensatory damages.

37. The AMCS Defendants acted willfully and intentionally to deprive WMM of its rights and interests so as to entitle WMM to recover punitive damages and attorney fees from the AMCS Defendants.

Prayer for Relief

WHEREFORE, WMM requests that this Court grant the following relief:

(a) Judgment against the AMCS Defendants, jointly and severally, for compensatory damages for the matters set forth in Counts I, II, III, IV and V herein;

(b) Judgment against the AMCS Defendants, jointly and severally, for punitive damages in the sum of $5,000,000 or such other amount that will, with and in reasonable relation to an award of compensatory damages, deter future wrongful conduct of the AMCS Defendants, for the matters set forth in Counts IV and V herein;

(c) That damages reduced to judgment include, to the extent allowed by law, lost profits, consequential damages, pre-judgment and post-judgment interest, attorney fees, and costs incurred in this action;

(d) A jury trial on all matters to triable; and

(e) Such other and further relief as the Court may deem just.

WHITE MOUNTAIN MINING CO., LLC<br>By Counsel,

LEWIS, GLASSER, CASEY
& ROLLINS, PLLC

By: _____
John A. Rollins, WV Bar #3165
Spencer D. Elliott, WV Bar #8064
BB & T Square, Suite 700
P.O. Box 1746
Charleston, WV 25326
(304) 345-2000

11

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 12th, 2005 he served the foregoing Answer, Counterclaim and Third Party Complaint on the persons hereafter set forth by First Class United States Mail, postage pre-paid, and/or via electronic service to the address noted.

        Brian Glasser
        A.B. Maloy
        Bailey & Glasser, LLP
        227 Capitol Street
        Charleston, WV 25301

        _____
        Spencer D. Elliott