IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

    Plaintiff,

v.                             CIVIL ACTION NO. 2:05-0822

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,

    Defendants,

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,

    Counterclaimant and Third Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METTALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,

    Counterclaim and Third Party Defendants.



FILED
JAN 1 7 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

### AMERICAN METALS & COAL INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF WHITE MOUNTAIN MINING CO., LLC

American Metals & Coal International, Inc. ("AMCI") answers the Counterclaim and Third Party Complaint filed by White Mountain Mining Co., LLC ("White Mountain") and avers as follows:

149942

1. Plaintiff admits the allegations in Paragraph 1 of the Counterclaim and Third Party Complaint.

2. Plaintiff admits the allegations contained in Paragraph 2 of the Counterclaim and Third Party Complaint.

3. Plaintiff admits the allegations in Paragraph 3 of the Counterclaim and Third Party Complaint.

4. Plaintiff admits the allegations in Paragraph 4 of the Counterclaim and Third Party Complaint. Plaintiff further avers that SCM, Inc. ("SCM"), f/k/a Metcoal Coal Sales, Inc., is a 100% subsidiary of AMCI Resources, Inc. ("AMCI Resources"), a Delaware holding corporation, which in turn is owned by the Plaintiff American Metals & Coal International, Inc. ("AMCI"), a Delaware corporation.

5. Plaintiff denies the allegations contained in Paragraph 5 of the Counterclaim and Third Party Complaint, and demands strict proof of the same. Without waiving its denial, Plaintiff avers that American Metallurgical Coal Sales, LLC ("AMCS") is a subsidiary of AMCI Energy, LLC, a Virginia limited liability company.

6. Plaintiff admits the allegations in Paragraph 6 of the Counterclaim and Third Party Complaint

7. Plaintiff admits the allegations in Paragraph 7 of the Counterclaim and Third Party Complaint.

## FACTUAL ALLEGATIONS

### Sales Agent Transactions

8.  Plaintiff is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim and Third Party Complaint, therefore denies the same.

9.  Plaintiff is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim and Third Party Complaint, therefore denies the same.

10. Plaintiff is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim and Third Party Complaint, therefore denies the same.

11. Plaintiff is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaim and Third Party Complaint, therefore denies the same.

12. Plaintiff denies the allegations in Paragraph 12 of the Counterclaim and Third Party Complaint.

13. Plaintiff denies the allegations in Paragraph 13 of the Counterclaim and Third Party Complaint.

14. Plaintiff denies the allegations in Paragraph 14 of the Counterclaim and Third Party Complaint.

15. Plaintiff denies the allegations in Paragraph 15 of the Counterclaim and Third Party Complaint, therefore denies the same.

16. Plaintiff is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim and Third Party Complaint, therefore denies the same.

17. Plaintiff denies the allegations in Paragraph 17 of the Counterclaim and Third Party Complaint, therefore denies the same.

18. Plaintiff denies the allegations in Paragraph 18 of the Counterclaim and Third Party Complaint, therefore denies the same.

### Bankruptcy Transactions

19. Plaintiff admits that SCM and Apache entered into an agreement, pursuant to and incorporated with the terms of a Settlement and Mutual Release dated March I, 2004 wherein Apache would sell White Mountain coal to SCM and supply the same to Wheeling Pittsburgh Steel. See Exhibit A. Plaintiff denies the remainder of the allegations contained in Paragraph 19 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

20. Plaintiff denies the allegations contained in Paragraph 20 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

21. Plaintiff incorporates by reference Paragraphs 1 through 20 of its Answer to the Counterclaim and Third Party Complaint.

### CAUSES OF ACTION

### Count I – Breach of Sales Agency Agreement

22. Plaintiff denies the allegations contained in Paragraph 22 of the Counterclaim and Third Party Complaint.

23. Plaintiff denies the allegations contained in Paragraph 23 of the Counterclaim and Third Party Complaint.

## COUNT II – BREACH OF SCM AGREEMENT

24. Plaintiff denies the allegations contained in Paragraph 24 of the Counterclaim and Third Party Complaint.

25. Plaintiff denies the allegations contained in Paragraph 25 of the Counterclaim and Third Party Complaint.

## COUNT III – UNJUST ENRICHMENT

26. Plaintiff denies the allegations contained in Paragraph 26 of the Counterclaim and Third Party Complaint.

27. Plaintiff denies the allegations contained in Paragraph 27 of the Counterclaim and Third Party Complaint.

28. Plaintiff denies the allegations contained in Paragraph 28 of the Counterclaim and Third Party Complaint.

## COUNT IV – CONVERSION & BREACH OF DUTY

29. Plaintiff denies the allegations contained in Paragraph 29 of the Counterclaim and Third Party Complaint.

30. Plaintiff denies the allegations contained in Paragraph 30 of the Counterclaim and Third Party Complaint.

31. Plaintiff denies the allegations contained in Paragraph 31 of the Counterclaim and Third Party Complaint.

32. Plaintiff denies the allegations contained in Paragraph 32 of the Counterclaim and Third Party Complaint.

## COUNT V - FRAUD

33. Plaintiff denies the allegations contained in Paragraph 33 of the Counterclaim and Third Party Complaint.

34. Plaintiff denies the allegations contained in Paragraph 34 of the Counterclaim and Third Party Complaint.

35. Plaintiff denies the allegations contained in Paragraph 35 of the Counterclaim and Third Party Complaint.

36. Plaintiff denies the allegations contained in Paragraph 36 of the Counterclaim and Third Party Complaint.

37. Plaintiff denies the allegations contained in Paragraph 37 of the Counterclaim and Third Party Complaint.

38. The Plaintiff denies any of the allegations in the Counterclaim and Third Party Complaint that are not expressly admitted.

## FIRST DEFENSES

The Counterclaim and Third Party Complaint fails to state a cause of action in which relief may be granted.

## SECOND DEFENSE

Defendant's claims are barred by the applicable statutes of limitations and statutes of repose

## THIRD DEFENSE

Defendant's claims are barred by the doctrine of laches.

## FOURTH DEFENSE

Defendants waived all claims that could have arisen concerning or out of those claims settled by the signing of the Settlement and Mutual Release dated March 1, 2004.

## FIFTH DEFENSE

Defendants' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Defendants lack personal jurisdiction over this Plaintiff pursuant to West Virginia Code §§ 56-3-33 and 31D-15-1501.

## SEVENTH DEFENSE

Defendants are not entitled to compensatory or punitive damages.

## EIGHTH DEFENSE

The imposition of punitive damages in this action violates this Plaintiff and Third Party Defendant's constitutional right of due process under the Fourteenth Amendment to the United States Constitution.

## NINTH DEFENSE

Punitive damages are barred by this Third Party Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia.

## TENTH DEFENSE

This Plaintiff and Third Party Defendant reserves the right to seek contributory indemnification against any other Third Party Defendants, whether named or unnamed.

## ELEVENTH DEFENSE

Plaintiff and Third Party Defendant intends to rely on any other defenses that may become available during discovery in this action and reserves the right to amend this Answer to assert such defenses as may be deemed appropriate.

**WHEREFORE,** Plaintiff and Third Party Defendant respectfully requests that the Counterclaim and Third Party Complaint be dismissed without a basis in law and fact and that the Court enter judgment in Plaintiff's favor and that Plaintiff be awarded its costs and expenses and attorney's fees.

**AMERICAN METALS & COAL INTERNATIONAL, INC.,**

By Counsel,

_/s/ A.B. Maloy_

Brian A. Glasser (WVSB #6597)
A. B. Maloy (WVSB #9305)
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### PARTIES

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made, entered into and effective as of the 1st day of March, 2004 by and between SCM, INC. f/k/a Metcoal Sales, Inc., a West Virginia corporation (hereinafter referred to as "SCM") and WHEELING PITTSBURGH STEEL CORPORATION, a Delaware corporation (hereinafter referred to as "WP") and AMERICAN METALLURGICAL COAL SALES, LLC, a limited liability company (hereinafter referred to as "AMCS"). SCM, WP and AMCS may sometimes hereinafter collectively be referred to as the parties.

### RECITALS

WHEREAS, on or about September 24, 2001, SCM commenced a civil action against WP in the Circuit Court of McDowell County, West Virginia, styled *Metcoal Sales, Inc. vs. Wheeling Pittsburgh Steel Corporation* and identified as Civil Action Number 01-C-228-M, wherein SCM alleged that WP was indebted to it for coal sold and delivered in the amount of $406,607.40, demanded damages and sought other relief (the "Lawsuit").

WHEREAS, on or about July 1, 2001, WP filed a Counterclaim/Third Party Claim against SCM and a Third Party Complaint against AMCS and others alleging breach of contract seeking judgment against SCM and AMCS for damages and other relief (the "Counterclaim/Third Party Claim").

WHEREAS, the parties each deny any wrongdoing, unlawful conduct, or liability to the other in connection with the matters alleged in the Lawsuit and the Counterclaim/Third Party Claim, but each party has nevertheless concluded that it is in its best interests to avoid the further time, expense, burden and uncertainty of protracted litigation by settling their differences, disagreements and disputes on the terms set forth herein.

WHEREAS, it is the intention of the parties to settle and dispose of fully and completely all "Claims et al." (defined below) of the parties related to the Lawsuit, the Counterclaim/Third Party Claim and any and all controversies, damages, claims and demands set forth in the Lawsuit and the Counterclaim/Third Party Claim, arising out of, connected with or incidental to the facts and issues alleged in the Lawsuit and the Counterclaim/Third Party Claim.

WHEREAS, the parties have reached an agreement to that end, which will result in a full and complete settlement of all Claims et al. stated or which could have been stated against the parties in the Lawsuit and the Counterclaim/Third Party Claim.

### GENERAL RELEASE AND PROMISES

NOW, THEREFORE, in consideration of the foregoing premises, which are not mere recitals but an integral part hereof, and the mutual promises, covenants and conditions contained herein, and for other good and valuable considerations, the receipt and sufficiency of all of which is hereby acknowledged, the parties expressly agree to the following terms and conditions in full and final settlement, compromise and satisfaction of the Claims et al. which have been alleged or could have been alleged against the parties:

1. <u>Dismissal of Pending Action</u>. As required by SCM, WP hereby agrees to pay Four Hundred Six Thousand Six Hundred and Seven Dollars and forty cents $406,607.40 [the "Settlement Amount"] to SCM as full and final settlement of all outstanding issues and litigation between the aforementioned parties. The Settlement Amount shall be paid to SCM as follows: WP shall pay SCM One Hundred Thirty-Five Thousand Five Hundred Thirty-Five Dollars and Eighty Cents ($135,535.80) on or before March 26, 2004, and an additional One Hundred Thirty-Five Thousand Five Hundred Thirty-Five Dollars and Eighty Cents

1



EXHIBIT A

($135,535.80) on or before April 30, 2004. The remaining amount shall be paid on the later of May 31, 2004 or the shipment of at least 25,000 tons to WP, subject to the terms of a Sales Acknowledgement Agreement dated March 1, 2004, between WP and SCM. Upon execution and exchange of this Agreement, the payment by WP to SCM of the first sum of One Hundred Thirty-Five Thousand Five Hundred Thirty-Five Dollars and Eighty Cents ($135,535.80), the delivery by WP to SCM of an Affidavit acknowledging WP's indebtedness to SCM for Two Hundred Seventy-One Thousand Seventy-Two Dollars and Forty Cents ($271,072.40), which represents the balance of a previously negotiated settlement in the total amount of Four Hundred Six Thousand Six Hundred and Seven Dollars and forty cents ($406,607.40) [the "Settlement Amount"], together with the execution and exchange of certain other documents upon which SCM and WP have agreed, the parties will cause to be filed with the Circuit Court of McDowell County, West Virginia, an agreed order of dismissal of the Lawsuit and the Counterclaim/Third Party Claim, with prejudice except as to the balance of the Settlement Amount owed by WP to SCM. Each party will take whatever additional steps are necessary to effect the dismissal of the Lawsuit and the Counterclaim/Third Party Claim, including (without limitation) executing any and all documents deemed necessary by counsel for the parties. No party shall do anything to unreasonably delay or prevent the Court from dismissing the Lawsuit or the Counterclaim/Third Party Claim.

2. <u>Release of All Claims of SCM against WP</u>. In consideration of the foregoing, SCM, on its own behalf and on behalf of its past, present and future directors, officers, stockholders, employees, agents, servants, affiliates, predecessors, successors and assigns (collectively "SCM et al."), does hereby irrevocably, unconditionally, fully, finally and forever release and discharge WP, its past, present and future directors, officers, stockholders, employees, agents, servants, affiliates, predecessors, successors and assigns (collectively "WP et al."), of and from any and all claims, judgments, actions, causes of action, suits, sums of money, demands, rights, damages, injuries, costs, obligations, contracts, agreements, promises, liabilities, losses, debts, harms, expenses, fees (including attorneys' fees), and compensation of every kind or nature whatsoever, whether based on tort or any other theory of recovery, in law or in equity, whether for compensatory or punitive damages, whether known or unknown and whether foreseen or unforeseen (collectively "Claims et al."), which SCM et al. has ever had or claimed to have, now have or claim to have, which may arise in the future, or which SCM et al. hereafter may have or claim to have against WP et al. whether through operation of law, assignment or subrogation, which is based upon any alleged act or omission which occurred from the beginning of the world to the date of the filing of the Lawsuit, including (but not limited to) any Claims et al. asserted or that could have been asserted in, arising out of, or in any way connected with the Lawsuit or the Counterclaim/Third Party Claim; provided, however, there is expressly excepted from the operation of this release, any and all claims which SCM has against WP based upon the Promissory Note referred to in Paragraph 1 above.

3. <u>Release of All Claims of WP against SCM</u>. In consideration of the foregoing, WP et al. do hereby irrevocably, unconditionally, fully, finally and forever release and discharge SCM et al. of and from any and all Claims et al. which WP et al. has ever had or claimed to have, now have or claim to have, which may arise in the future, or which WP et al. hereafter may have or claim to have against SCM et al., whether through operation of law, assignment or subrogation, which is based upon any alleged act or omission which occurred from the beginning of the world to the date of the filing of the Lawsuit, including (but not limited to) any Claims et al. asserted or that could have been asserted in, arising out of, or in any way connected with the Lawsuit or the Counterclaim/Third Party Claim.

4. <u>Release of All Claims of AMCS against WP</u>. In consideration of the foregoing, AMCS, on its own behalf and on behalf of its past, present and future members, employees, agents, servants, affiliates, predecessors, successors and assigns (collectively "AMCS et al."), does hereby irrevocably, unconditionally, fully, finally and forever release and discharge WP et al. of and from any and all Claims et al. which WP et al. has ever had or claimed to have, now have or claim to have, which may arise in the future, or which AMCS et al. hereafter may have or claim to have against WP et al., whether through operation of law, assignment or subrogation, which is based upon any alleged act or omission which occurred from the beginning of the world to the date of the filing of the Lawsuit, including (but not limited to) any Claims et al. asserted or that could

2

have been asserted in, arising out of, or in any way connected with the Lawsuit or the Counterclaim/Third Party Claim.

5. <u>Release of All Claims of WP against AMCS.</u> In consideration of the foregoing, WP et al. do hereby irrevocably, unconditionally, fully, finally and forever release and discharge AMCS et al. of and from any and all Claims et al. which WP et al. has ever had or claimed to have, now have or claim to have, which may arise in the future, or which WP et al. hereafter may have or claim to have against AMCS et al., whether through operation of law, assignment or subrogation, which is based upon any alleged act or omission which occurred from the beginning of the world to the date of the filing of the Lawsuit, including (but not limited to) any Claims et al. asserted or that could have been asserted in, arising out of, or in any way connected with the Lawsuit or the Counterclaim/Third Party Claim.

## OTHER REPRESENTATIONS AND WARRANTIES

6. <u>Modification</u>. No provision of this Agreement may be waived, altered, amended, or modified in any respect or particular whatsoever except by written agreement duly executed by each of the parties to this Agreement.

7. <u>Severability</u>. If any provision of this Agreement is held to be invalid, void or unenforceable, the balance of its provisions will, nevertheless, remain in full force and effect and will in no way be affected, impaired or invalidated.

8. <u>Full Authority</u>. The persons signing below represent and warrant that they have full authority to enter into this Agreement.

9. <u>Terms Read and Understood</u>. Each party hereto represents that it has carefully read and fully understands the terms, conditions, meaning and intent of this Agreement, and that each party has had an opportunity to discuss the terms, conditions and provisions with legal counsel prior to the execution hereof. Each party specifically hereby acknowledges receipt of a copy of this Agreement before signing it and understands that each and every provision of this Agreement is contractual, legally binding and not mere recitals.

10. <u>No Duress</u>. Each party acknowledges that it is executing this Agreement after having received from independent legal counsel of its own choosing, legal advice as to its rights hereunder and the legal effect thereof, to the extent each party deemed appropriate. Each party agrees to sign this Agreement as its own voluntary act and deed, and represents that such execution was not the result of any duress, coercion or undue influence upon any of them.

11. <u>Successors and Assigns</u>. The provisions of this Agreement shall be binding and inure to the benefit of each of the parties and their past, present and future directors, officers, stockholders, members, employees, agents, servants, attorneys, assigns, insurers, representatives, divisions, subsidiaries, employees, affiliates, predecessors, successors and assigns.

12. <u>Governing Law</u>. This Agreement, as well as the parties' rights and obligations hereunder, shall be in all respects interpreted, enforced and governed by and under the laws of the State of West Virginia.

13. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument

IN WITNESS WHEREOF, the parties hereto, by their duly authorized agents, have executed this Agreement consisting of six (6) pages, including the signature pages, as of the date and year first above written.

3

[Signatures begin on following page]

4

SCM, INC.

Dated: 1st of March, 2004

By: *Paul S. Buchanan*

Its: *Attorney*

STATE OF WEST VIRGINIA )
                        ) ss
COUNTY OF Mercer        )

I Carol L. Hylton, a notary public in and for said State and County do hereby certify that, Paul S. Buchanan, who signed the writing above on behalf of SCM, Inc., personally appeared and acknowledged before me the said writing to be the act and deed of said corporation.

Given under my hand this the 2nd day of April, 2004.

My commission expires: May 29, 2011.

*Carol L. Hylton*
Notary Public

[NOTARIAL SEAL]

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CAROL L. HYLTON
GIBSON LEFLER & ASSOCIATES
1345 MERCER STREET
PRINCETON, WV 24740
My commission expires May 29, 2011

WHEELING PITTSBURGH STEEL CORPORATION.

Dated: March 30, 2004

By: *Arthur C Hartline*

Its: *Consultant*

STATE OF WEST VIRGINIA )
COUNTY OF Ohio         )

I Patricia Lynn Barron, a notary public in and for said State and County do hereby certify that, Arthur C. Hartline, who signed the writing above on behalf of Wheeling Pittsburgh Steel Corporation., personally appeared and acknowledged before me the said writing to be the act and deed of said corporation.

Given under my hand this the 30 day of March, 2004.

My commission expires: August 24, 2004.

*Patricia Lynn Barron*
Notary Public

[NOTARIAL SEAL]

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
PATRICIA LYNN BARRON
WHEELING-PITTSBURGH STEEL CORP.
1134 MARKET STREET
WHEELING, WV 26003
My Commission Expires August 24, 2004

5

AMERICAN METALLURGICAL COAL
SALES, LLC.

Dated: 1st March, 2004

By: *[signature]*
Its: *[signature]*

STATE OF West Virginia )
COUNTY OF Mercer )

I, Carol L. Hylton, a notary public in and for said State and County do hereby certify that, Paul J. Barbery, who signed the writing above on behalf of American Metallurgical Coal Sales, LLC, personally appeared and acknowledged before me the said writing to be the act and deed of said corporation.

Given under my hand this the 2nd day of April, 2004.

My commission expires: May 29, 2011.

*Carol L. Hylton*
Notary Public

[NOTARIAL SEAL

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
CAROL L. HYLTON
GIBSON LEFLER & ASSOCIATES
1345 MERCER STREET
PRINCETON, WV 24740
My commission expires May 29, 2011

6

## SETTLEMENT AGREEMENT AND AFFIDAVIT

As required by SCM, Inc. (f/k/a Metcoal Sales, Inc.), Wheeling Pittsburgh Steel Corporation hereby agrees to pay $406,607.40 [the "Settlement Amount"] to SCM, Inc. as full and final settlement of all outstanding issues and litigation between the aforementioned parties. The Settlement Amount shall be paid to SCM, Inc. as follows: Wheeling Pittsburgh Steel Corporation shall pay SCM, Inc. $135,535.80 on or before March 26, 2004, and an additional $135,535.80 on or before April 30, 2004. The remaining amount shall be paid on the later of May 31, 2004 or the shipment of at least 25,000 tons to Wheeling Pittsburgh Steel Corporation, subject to the terms of a Sales Acknowledgement Agreement dated March 1, 2004, between Wheeling Pittsburgh Steel Corporation and SCM, Inc. At the time of execution of this Affidavit, both parties shall forever withdraw all litigation relating to this matter.

Signed: _____
Art Hartline

Witness: _____

STATE OF WEST VIRGINIA,
COUNTY OF OHIO, to wit:

On this 30th day of March, 2004, before me personally appeared Art Hartline who acknowledged execution of the forgoing instrument.

_____
Notary Public

[AFFIX NOTARIAL SEAL]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

    Plaintiff,

v.                                                        CIVIL ACTION NO. 2:05-0822

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,

    Defendants,

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,

    Counterclaimant and Third Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METTALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,

    Counterclaim and Third Party Defendants.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing **"American Metals & Coal International, Inc.'s Answer And Affirmative Defenses to Counterclaim and Third Party Complaint Of White Mountain Mining Co., LLC"** was served upon counsel for defendants, as set forth below, by first class mail, United States postage prepaid, this 13th day of January, 2006:

149942

John A. Rollins, Esq.
Spencer D. Elliott, Esq.
Lewis, Glasser, Casey & Rollins, PLLC
BB & T Square, Suite 700
P. O. Box 1746
Charleston, West Virginia  25326

Charles R. Bailey, Esq. (WVSB # 202)
Bailey & Wyant PLLC
P.O. Box 3710
Charleston, WV  25337-3710

_____
A. B. Maloy, Esq. (WVSB #9305)

149942