## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,**

     **Plaintiff,**

**v.**                       **CIVIL ACTION NO. 2:05-0822**

**WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,**

     **Defendants,**

**WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,**

     **Counterclaimant and Third Party Plaintiff,**

**v.**

**AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METTALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,**

     **Counterclaim and Third Party Defendants.**

**and**

**SCM, Inc., a corporation,**

     **Counterclaimants and Third Party Plaintiff**

**v.**

**WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,**
     **Counterclaim and Defendants**



**FILED**

JAN 1 8 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## SCM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES, AND SCM INC.'S COUNTERCLAIM TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF WHITE MOUNTAIN MINING CO., LLC'S

SMC, Inc. ("SCM") answers the Counterclaim and Third Party Complaint filed by White Mountain Mining Co., LLC ("White Mountain") and avers as follows:

1.     Defendants and Third Party Plaintiff admit the allegations in Paragraph 1 of the Counterclaim and Third Party Complaint.

2.     Defendants and Third Party Plaintiff admit the allegations contained in Paragraph 2 of the Counterclaim and Third Party Complaint.

3.     Defendants and Third Party Plaintiff admit the allegations in Paragraph 3 of the Counterclaim and Third Party Complaint.

4.     Defendants and Third Party Plaintiff admit the allegations in Paragraph 4 of the Counterclaim and Third Party Complaint.  Defendants and Third Party Plaintiff further avers that SCM, Inc. ("SCM"), f/k/a Metcoal Coal Sales, Inc., is a 100% subsidiary of AMCI Resources, Inc. ("AMCI Resources"), a Delaware holding corporation, which in turn is owned by the Plaintiff American Metals & Coal International, Inc. ("AMCI"), a Delaware corporation.

5.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 5 of the Counterclaim and Third Party Complaint, and demand strict proof of the same.  Without waiving its denial, Defendants and Third Party Plaintiff aver that American Metallurgical Coal Sales, LLC ("AMCS") is a subsidiary of AMCI Energy, LLC, a Virginia limited liability company.

6,     Defendants and Third Party Plaintiff admit the allegations in Paragraph 6 of the Counterclaim and Third Party Complaint

7.     Defendants and Third Party Plaintiff admit the allegations in Paragraph 7 of the Counterclaim and Third Party Complaint.

## **FACTUAL ALLEGATIONS**

### **Sales Agent Transactions**

8.     Defendants and Third Party Plaintiff are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim and Third Party Complaint, therefore deny the same.

9.     Defendants and Third Party Plaintiff are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim and Third Party Complaint, therefore deny the same.

10.     Defendants and Third Party Plaintiff are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim and Third Party Complaint, therefore deny the same.

11.     Defendants and Third Party Plaintiff admit the allegations in Paragraph 11 of the Counterclaim and Third Party Complaint.

12.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 12 of the Counterclaim and Third Party Complaint.

13.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 13 of the Counterclaim and Third Party Complaint.

14.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 14 of the Counterclaim and Third Party Complaint.

15.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 15 of the Counterclaim and Third Party Complaint.

16.     Defendants and Third Party Plaintiff are without knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim and Third Party Complaint, therefore deny the same.

17.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 17 of the Counterclaim and Third Party Complaint.

18.     Defendants and Third Party Plaintiff deny the allegations in Paragraph 18 of the Counterclaim and Third Party Complaint.

**Bankruptcy Transactions**

19.     Defendants and Third Party Plaintiff admit that SCM and Apache entered into an agreement, pursuant to and incorporated with the terms of a Settlement and Mutual Release Agreement dated March 1, 2004, wherein Apache would sell White Mountain coal to SCM and supply the same to Wheeling Pittsburgh Steel.  See Exhibit A.  Defendants and Third Party Plaintiff deny the remainder of the allegations contained in Paragraph 19 of the Counterclaim and Third Party Complaint, and demand strict proof of the same.

20.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 20 of the Counterclaim and Third Party Complaint, and demand strict proof of the same.

21.     Defendants and Third Party Plaintiff incorporate by reference Paragraphs 1 through 20 of its Answer to the Counterclaim and Third Party Complaint.

**CAUSES OF ACTION**

### Count I – Breach of Sales Agency Agreement

22.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 22 of the Counterclaim and Third Party Complaint.

23.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 23 of the Counterclaim and Third Party Complaint.

### COUNT II – BREACH OF SCM AGREEMENT

24.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 24 of the Counterclaim and Third Party Complaint.

25.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 25 of the Counterclaim and Third Party Complaint.

### COUNT III – UNJUST ENRICHMENT

26.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 26 of the Counterclaim and Third Party Complaint.

27.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 27 of the Counterclaim and Third Party Complaint.

28.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 28 of the Counterclaim and Third Party Complaint.

### COUNT IV – CONVERSION & BREACH OF DUTY

29.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 29 of the Counterclaim and Third Party Complaint.

30.     Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 30 of the Counterclaim and Third Party Complaint.

31.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 31 of the Counterclaim and Third Party Complaint.

32.    Defendant and Third Party Plaintiff deny the allegations contained in Paragraph 32 of the Counterclaim and Third Party Complaint.

## COUNT V - FRAUD

33.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 33 of the Counterclaim and Third Party Complaint.

34.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 34 of the Counterclaim and Third Party Complaint.

35.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 35 of the Counterclaim and Third Party Complaint.

36.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 36 of the Counterclaim and Third Party Complaint.

37.    Defendants and Third Party Plaintiff deny the allegations contained in Paragraph 37 of the Counterclaim and Third Party Complaint.

38.    Defendants and Third Party Plaintiff deny any of the allegations in the Counterclaim and Third Party Complaint that are not expressly admitted.

## FIRST DEFENSES

The Counterclaim and Third Party Complaint fails to state a cause of action in which relief may be granted.

## SECOND DEFENSE

Defendants' and Third Party Plaintiffs' claims are barred by the applicable statutes of limitations and statutes of repose.

### THIRD DEFENSE

Defendants' and Third Party Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH DEFENSE

Defendants and Third Party Plaintiffs waived all claims that could have arisen prior to the signing of the Settlement and Mutual Release Agreement signed on March 1, 2004.

### FIFTH DEFENSE

Defendants and Third Party Plaintiffs' claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Defendants and Third Party Plaintiffs lack personal jurisdiction over these Defendants and Third Party Plaintiff pursuant to West Virginia Code §§ 56-3-33 and 31D-15-1501.

### SEVENTH DEFENSE

Defendants and Third Party Plaintiffs are not entitled to compensatory or punitive damages.

### EIGHTH DEFENSE

The imposition of punitive damages in this action violates these Defendants' and Third Party Plaintiff's constitutional right of due process under the Fourteenth Amendment to the United States Constitution.

## NINTH DEFENSE

Punitive damages are barred by Defendants' and Third Party Plaintiff's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia.

## TENTH DEFENSE

These Defendants and Third Party Plaintiff reserve the right to seek contributory indemnification against any other Third Party Defendants, whether named or unnamed.

## ELEVENTH DEFENSE

Defendants and Third Party Plaintiff intend to rely on any other defenses that may become available during discovery in this action and reserve the right to amend this Answer to assert such defenses as may be deemed appropriate.

**WHEREFORE,** these Defendants and the Third Party Plaintiff respectfully request that the Counterclaim and Third Party Complaint be dismissed with prejudice without a basis in law and fact and that the Court enter judgment in Third Party Plaintiff's favor and that the Third Party Plaintiff be awarded its costs and expenses and attorney's fees.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT OF SCM, INC.

SCM states as follows for its Counterclaim and Third Party Complaint against White Mountain Mining Co., LLC ("WMM"), a West Virginia limited liability company, and Apache Mining Co., LLC ("Apache"), a West Virginia limited liability company (jointly "the Defendants")

## PARTIES/JURISDICTION

1.     Third Party Defendant and Third Party Plaintiff, SCM, is a West Virginia corporation, formerly known as Metcoal Sales, Inc.

2.     Third Party Defendant AMCS is a North Carolina limited liability company that does business in West Virginia.

3.     Defendant WMM is a West Virginia limited liability corporation with a principal place of business in West Virginia.

4.     Defendant Apache is a West Virginia limited liability corporation having its principal place of business in West Virginia.

5.     This Court has diversity subject matter jurisdiction over the claims made in this Counterclaim and personal jurisdiction over the Defendants.

6.     Venue is appropriate in West Virginia, pursuant to West Virginia law, because a substantial part of the acts and omissions at issue in this case occurred in West Virginia.

## FACTS

7.     WMM and AMCS were parties to a purchasing order issued by WPS to AMCS and AMCI Coals Sales, Inc., which obligated WMM  to ship coal required by WPS during the year 2001.

8.     Without the knowledge of SCM, the purchasing order was revised adding SCM (then Metcoal Sales, Inc.) as a secondary source of coal, without SCM's consent.

9.     WMM failed to provide the coal for the purchasing order.

10.     SCM, Inc., (then Metcoal Sales, Inc.), attempted to assist in the provision of coal to WPS for AMCS and AMCI Coal Sales, Inc. when WMM failed to provide the coal as promised.

11.     WPS withheld monies due to SCM as a result of the failure of WMM to ship the coal as agreed.

12.     On September 21, 2001, SCM sued WPS in the Circuit Court of McDowell County, West Virginia, styled <u>Metcoal Sales, Inc. vs. Wheeling Pittsburgh Steel Corporation</u>, Civil Action Number 01-C-M, wherein SCM alleged that WPS was indebted to it for coal sold and delivered in the amount of $406,607.40.

13.     On or about July 1, 2001, WPS filed a Counterclaim/Third Party Claim against SCM and a Third Party Complaint against AMCS and others alleging breach of contract and seeking judgment against SCM and AMCS.

14.     On or about March 1, 2004, SCM, AMCS and WPS made and entered into a Settlement Agreement and Mutual Release in full and complete settlement of all claims stated or which could have been stated against the parties to the lawsuit.  <u>See</u> Exhibit A.

15.     As part of the settlement, WPS was to receive 60,000 tons of WMM coal from SCM.

16.     SCM entered into an Agreement wherein Apache would provide this WMM coal to WPS.

17.     WMM and Apache failed to perform, and damaged SCM.

## COUNT I

### Breach of Contract

18.     SCM reasserts the allegations contained in paragraphs 1 through 16, above, and incorporates the same as if fully set forth herein.

19.     Third Party Plaintiffs and Defendants breached their written and implied contracts with SCM by failing to ship coal as promised to WPS Wheeling Pittsburgh Steel on behalf of SCM.

20.     Third Party Plaintiffs' and Defendants' breach of their contracts with SCM caused harm to SCM for which it may lawfully recover.

### PRAYER FOR RELIEF

**WHEREFORE,** the Third Party Plaintiff and Counterclaimant SCM respectfully requests that the Court award it all damages due, plus pre and post judgment interest, attorney's fees and costs, and other such relief as the Court deems appropriate.

SCM, INC.,

By Counsel,


Charles R. Bailey, Esq. (WVSB # 202)
Bailey & Wyant PLLC
P.O. Box 3710
Charleston, WV  25337-3710
(304) 345-4222
(304) 434-3133 *facsimile*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMERICAN METALS & COAL**
**INTERNATIONAL, INC.,**
**a Delaware Corporation,**

     **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:05-0822**

**WHITE MOUNTAIN MINING CO., LLC,**
**a West Virginia Limited Liability Company,**
**APACHE MINING CO., LLC,**
**a West Virginia Limited Liability Company,**

     **Defendants,**

**WHITE MOUNTAIN MINING CO., LLC,**
**a West Virginia Limited Liability Company,**

     **Counterclaimant and Third Party Plaintiff,**

**v.**

**AMERICAN METALS & COAL**
**INTERNATIONAL, INC., a corporation;**
**AMERICAN METTALLURGICAL COAL**
**SALES, L.L.C., a limited liability company;**
**and SCM, INC., a corporation,**

     **Counterclaim and Third Party Defendants.**

**and**

**SCM, Inc., a corporation,**

     **Counterclaimants and Third Party Plaintiff**

**v.**

**WHITE MOUNTAIN MINING CO., LLC,**
**a West Virginia Limited Liability Company,**
**APACHE MINING CO., LLC,**
**a West Virginia Limited Liability Company,**
     **Counterclaim and Defendants.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing "SCM, Inc.'s Answer and Affirmative Defenses, and SCM, Inc.'s Counterclaim to Counterclaim and Third Party Complaint of White Mounting Mining Co., LLC," was served upon counsel for, as set forth below, by first class mail, United States postage prepaid, this __17__ day of January, 2006.

> John A. Rollns, Esquire
> Spencer D. Elliott, Esquire
> BB&T Square, Suite 700
> P.O. Box 1746
> Charleston, WV  25326

> Brian A. Glasser, Esquire
> A.B. Malloy, Esquire
> 227 Capitol Street
> Charleston, WV  25301

Charles R. Bailey, Esq.
Bailey & Wyant PLLC
P.O. Box 3710
Charleston, WV  25337-3710
Counsel for SCM, Inc.