IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA


AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

      Plaintiff,

v.                                                 CIVIL ACTION NO. 2:05-0822

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,

      Defendants,

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,

      Counterclaimant and Third Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METTALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,

      Counterclaim and Third Party Defendants.

and

SCM, Inc., a corporation,

      Counterclaimants and Third Party Plaintiff

v.

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,

158346

**APACHE MINING CO., LLC,**
**a West Virginia Limited Liability Company,**

    **Counterclaim and Defendants**

### AMERICAN METALLURGICAL COAL SALES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES, TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF WHITE MOUNTAIN MINING CO., LLC

American Metallurgical Coal Sales, L.L.C. ("AMCS") answers the Counterclaim and Third Party Complaint filed by White Mountain Mining Co., LLC ("White Mountain") and avers as follows:

1.    Defendant admits the allegations in Paragraph 1 of the Counterclaim and Third Party Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the Counterclaim and Third Party Complaint.

3.    Defendant admits the allegations in Paragraph 3 of the Counterclaim and Third Party Complaint related to citizenship, but denies that AMCS currently does business in the Southern District of West Virginia.

4.    The allegations in Paragraph 4 of the Counterclaim and Third Party Complaint do not relate to this Defendant, so are accordingly denied.

5.    Defendants denies the allegations contained in Paragraph 5 of the Counterclaim and Third Party Complaint.

6.    Defendant denies the allegations in Paragraph 6 of the Counterclaim and Third Party Complaint

7.    Defendant admits the allegations in Paragraph 7 of the Counterclaim and Third Party Complaint.

158346

## FACTUAL ALLEGATIONS

### Sales Agent Transactions

8.      Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaim and Third Party Complaint, therefore denies the same.

9.      Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaim and Third Party Complaint, therefore denies the same.

10.      Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaim and Third Party Complaint, therefore denies the same.

11.      Defendant admits the allegations in Paragraph 11 of the Counterclaim and Third Party Complaint.

12.      Defendant denies the allegations in Paragraph 12 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

13.      Defendant denies the allegations in Paragraph 13 of the Counterclaim and Third Party Complaint, and demands strict proof the same.

14.      Defendant denies the allegations in Paragraph 14 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

15.      Defendant admits the allegations in Paragraph 15 of the Counterclaim and Third Party Complaint.

158346

16.     Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim and Third Party Complaint, therefore denies the same.

17.     Defendant denies the allegations in Paragraph 17 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

18.     Defendant denies the allegations in Paragraph 18 of the Counterclaim and Third Party Complaint, and demands strict proof of the same.

**Bankruptcy Transactions**

19.     Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Counterclaim and Third Party Complaint, therefore denies the same.

20.     Defendant is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Counterclaim and Third Party Complaint, therefore denies the same.

21.     Defendant incorporates by reference Paragraphs 1 through 20 of its Answer to the Counterclaim and Third Party Complaint.

**CAUSES OF ACTION**

**Count I – Breach of Sales Agency Agreement**

22.     Defendant denies the allegations contained in Paragraph 22 of the Counterclaim and Third Party Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Counterclaim and Third Party Complaint.

**COUNT II – BREACH OF SCM AGREEMENT**

24.    Defendant denies the allegations contained in Paragraph 24 of the Counterclaim and Third Party Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the Counterclaim and Third Party Complaint.

## COUNT III – UNJUST ENRICHMENT

26.    Defendants denies the allegations contained in Paragraph 26 of the Counterclaim and Third Party Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of the Counterclaim and Third Party Complaint.

28.    Defendant denies the allegations contained in Paragraph 28 of the Counterclaim and Third Party Complaint.

## COUNT IV – CONVERSION & BREACH OF DUTY

29.    Defendants and Third Party Plaintiff denies the allegations contained in Paragraph 29 of the Counterclaim and Third Party Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Counterclaim and Third Party Complaint.

31.    Defendants denies the allegations contained in Paragraph 31 of the Counterclaim and Third Party Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Counterclaim and Third Party Complaint.

## COUNT V - FRAUD

33.    Defendants denies the allegations contained in Paragraph 33 of the Counterclaim and Third Party Complaint.

158346

34.     Defendant denies the allegations contained in Paragraph 34 of the Counterclaim and Third Party Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Counterclaim and Third Party Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Counterclaim and Third Party Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Counterclaim and Third Party Complaint.

38.     Defendant denies any of the allegations in the Counterclaim and Third Party Complaint that are not expressly admitted.

## FIRST DEFENSES

The Counterclaim and Third Party Complaint fails to state a cause of action in which relief may be granted.

## SECOND DEFENSE

Third Party Plaintiffs' claims are barred by the applicable statutes of limitations and statutes of repose.

## THIRD DEFENSE

Third Party Plaintiffs' claims are barred by the doctrine of laches.

## FOURTH DEFENSE

Third Party Plaintiffs waived all claims that could have arisen prior to the signing of the Settlement and Mutual Release Agreement signed on March 1, 2004, attached hereto as Exhibit A.

## FIFTH DEFENSE

Third Party Plaintiffs' claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

Third Party Plaintiffs lack personal jurisdiction over this Defendant pursuant to West Virginia Code §§ 56-3-33 and 31D-15-1501.

## SEVENTH DEFENSE

Third Party Plaintiffs are not entitled to compensatory or punitive damages.

## EIGHTH DEFENSE

The imposition of punitive damages in this action violates this Defendant's constitutional right of due process under the Fourteenth Amendment to the United States Constitution.

## NINTH DEFENSE

Punitive damages are barred by Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia.

## TENTH DEFENSE

This Defendant reserves the right to seek contributory indemnification against any other Third Party Defendants, whether named or unnamed.

## ELEVENTH DEFENSE

Defendant intends to rely on any other defenses that may become available during discovery in this action and reserve the right to amend this Answer to assert such defenses as may be deemed appropriate.

158346

**WHEREFORE,** Defendant respectfully requests that the Counterclaim and Third Party Complaint be dismissed with prejudice without a basis in law and fact and that the Court enter judgment in this Defendant's favor and be awarded its costs and expenses and attorney's fees.

**AMERICAN METALLURGICAL COAL SALES, INC.,**

By Counsel,

Charles R. Bailey, Esquire (WVBN 0202)
Bailey & Wyant, P.L.L.C.
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV  25337-3710
(304) 345-4222
(304) 343-3133  *facsimile*

158346

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

     Plaintiff,

v.                              CIVIL ACTION NO. 2:05-0822

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,

     Defendants,

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,

     Counterclaimant and Third Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METTALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,

     Counterclaim and Third Party Defendants.

and

SCM, Inc., a corporation,

     Counterclaimants and Third Party Plaintiff

v.

WHITE MOUNTAIN MINING CO., LLC,
a West Virginia Limited Liability Company,
APACHE MINING CO., LLC,
a West Virginia Limited Liability Company,
     Counterclaim and Defendants.

158346

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed "AMERICAN METALLURGICAL COAL SALES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES, TO COUNTERCLAIM AND THIRD PARTY COMPLAINT OF WHITE MOUNTAIN MINING CO., LLC" with the Clerk of Court using the CM/ECF system.

I hereby certify that I have mailed the documents by United States Postal Service to the following non-CM/ECF participants:

John A. Rollns, Esquire
Spencer D. Elliott, Esquire
BB&T Square, Suite 700
P.O. Box 1746
Charleston, WV 25326


Brian A. Glasser, Esquire
A.B. Malloy, Esquire
227 Capitol Street
Charleston, WV 25301

Done this 23rd day of March, 2006.

Charles R. Bailey, Esq. (WVBN 0202)
Bailey & Wyant PLLC
P.O. Box 3710
Charleston, WV 25337-3710
Counsel for SCM, Inc.

158346