IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**AMERICAN METALS & COAL INTERNATIONAL, INC.**, a Delaware Corporation,

Plaintiff,

v.

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,
**APACHE MINING CO, LLC**
a West Virginia Limited Liability Company,

Defendants,                                         Civil Action No. 2:05-0822

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,

Counterclaimant and Third
Party Plaintiff,

v.

**AMERICAN METALS & COAL INTERNATIONAL, INC.**, a corporation;
**AMERICAN METALLURGICAL COAL SALES, L.L.C.**, a limited liability company;
and **SCM, INC.**, a corporation,

Counterclaim and Third Party Defendants,

**SCM, INC.**, a corporation,

Counterclaimant and Third Party Plaintiff,

v.

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,
**APACHE MINING CO., LLC**

**a West Virginia Limited Liability Company,**

**Counterclaim and Third Party Defendants.**

**AMCI's Response to Defendant's Motion and
Memorandum Regarding Determination of Pretrial
Issues**

Plaintiff American Metals and Coal International, Inc. ("AMCI"), by counsel, replies to Defendant's Motion and Memorandum Regarding Determination of Pretrial Issues as follows.

First, certain of the issues raised in Defendant's motion are moot.  Specifically, counsel have agreed that they will stipulate to the authenticity of a certain email identified in the final pretrial order tendered to the court.  Given Defendant's willingness to stipulate to the authenticity of the email from trial counsel Rollins described in the motion and AMCI's willingness to enter into such a stipulation, AMCI believes that the issues raised regarding Rollins' testimony have been mooted.

Second, despite the fact that the Defendant and AMCI are in agreement that the market price of the coal Defendant failed to provide is an appropriate piece of evidence on which the jury may determine the amount of damages Defendant owes, Defendant's arguments regarding the admissibility of certain market price evidence are flawed.

**1. Defendant's motion is an untimely motion in limine.**

The Court's most recent scheduling order in this matter, entered on February 26, 2007, held that motions in limine shall be filed on or before August 20, 2007.  However, Defendant's motion, which seeks to preclude the presentation of evidence at trial and is

thus a motion in limine, was not filed until August 22, 2007.  See Docket # 89.  Accordingly, Defendant's motion is untimely and should be denied on that basis alone.

    2.    **Mende's testimony is appropriate and admissible on the issue of market value.**

Defendants argue wrongly that Mr. Mende's evidence regarding the price at which he could have sold the coal the Defendant agreed to provide AMCI is inadmissible.  It is obvious that evidence which goes to show what the plaintiff, who would have resold the coal at issue if provided by the defendant, could have received for that coal in the market, is proper evidence of market price. "Market value may be established, under proper conditions of time and place, by the price at which a seller who is willing to sell, and a buyer who is willing to buy, effect a sale of property when both act voluntarily and without compulsion. The market value of the lumber, at the time it was required to be shipped, is the price at which it could have been sold by persons desirous of selling to persons wishing to buy, none of them acting under compulsion and all exercising intelligent judgment." *Franklin v. Pence*, 128 W.Va. 353, 36 S.E.2d 505 (1945).  Should Mr. Mende have properly founded testimony on what the coal at issue could have been sold for, there is no evidentiary reason why he should not so testify.  Should the  defendant wish to cross examine Mr. Mende on certain of the grounds identified in the defendant's motion, such impeachment is the defendant's remedy, not the exclusion of Mende's testimony regarding his estimation of the market value of the coal at issue and the reasons therefore.

    3.    **Should Plaintiff's expert testify at variance with Mende on the issue of the market price of the coal at issue, Defendants may choose to cross-examine on the issue or make argument to**

> **the jury on the point; such an ability does not suggest in any way that either of the two items of testimony are inadmissible.**

Whether or not Plaintiff's expert may rely on differing evidence than the testimony of Mr. Mende in determining his own opinion of the market price of the coal at issue in this matter is utterly irrelevant to the question of the admissibility of either item of testimony. If Plaintiff's expert determines that a more conservative estimate of market price than that offered by Mr. Mende is appropriate, such an approach is certainly within the purview of that expert. Should the defendants wish to exploit such a difference by cross examination or argument to the jury, they may certainly do so. What is clear is that relevant evidence is admissible, *see* Federal Rule of Evidence 402, and the relevance of both Mr. Mende's understanding of market value and Plaintiff's expert's understanding of market value are relevant to the jury's ultimate finding of the market value of the coal at issue.

4.  **Defendant's citation of the Texpar case is inapposite and irrelevant.**

Defendant cites *TexPar Energy, Inc. v. Murphy Oil USA, Inc.*, 45 F.3d 1111 (7th Cir. 1995), for the proposition that a sole contract may not be proffered as evidence of market value. In fact, *TexPar* says only that market price governs at the time of the breach, not at some later date when the aggrieved party might have sold the goods at issue for a larger price and have reaped a greater "benefit of the bargain," Specifically, the rejected argument in TexPar was this claim:

> Murphy does not dispute that if this provision [market price is set at time of breach] is applied, the damages awarded are proper, since Murphy does not dispute the quantity of goods, the market price or the date of notice of repudiation used by the jury to calculate damages. Instead, Murphy argues that the general measure of damages in a breach of contract case

>is the amount needed to place the plaintiff in as good a position as he would have been if the contract had been performed.

*Id.* at 1113.  Of course, this approach is not that advanced in this litigation.  AMCI and the Defendant are in complete agreement that market price at the time of Defendant's breach will be an appropriate finding for a jury to make so that they may calculate AMCI's damages.  AMCI has never suggested that any other standard should be applied.  Accordingly, *TexPar* is irrelevant to this matter (in addition to being at best persuasive, out of jurisdiction authority interpreting Wisconsin law).

Given the foregoing, AMCI respectfully requests that the Defendant's motion be denied.

AMERICAN METALLURGICAL COAL SALES, INC.

By Counsel

*/s/ Christopher S. Morris*
Brian A. Glasser (WVSB #6597)
Christopher S. Morris (WVSB #8004)
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia  25301
(304) 345-6555
(304) 342-1110  facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**AMERICAN METALS & COAL
INTERNATIONAL, INC., a Delaware Corporation,**

**Plaintiff,**

**v.**

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,
**APACHE MINING CO, LLC**
a West Virginia Limited Liability Company,

        Defendants,               Civil Action No. 2:05-0822

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,

**Counterclaimant and Third
Party Plaintiff,**

**v.**

**AMERICAN METALS & COAL
INTERNATIONAL, INC., a corporation;
AMERICAN METALLURGICAL COAL
SALES, L.L.C., a limited liability company;
and SCM, INC., a corporation,**

**Counterclaim and Third Party Defendants,**

**SCM, INC., a corporation,**

**Counterclaimant and Third Party Plaintiff,**

**v.**

**WHITE MOUNTAIN MINING CO., LLC**
a West Virginia Limited Liability Company,

**APACHE MINING CO., LLC**
**a West Virginia Limited Liability Company,**

**Counterclaim and Third Party Defendants.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing **AMCI's Response to Defendant's Motion and Memorandum Regarding Determination of Pretrial Issues** was served upon counsel of record as set forth below, via electronic filing this 6th day of September, 2007.

> John A. Rollins, Esq.
> Spencer D. Elliott, Esq.
>
> Lewis, Glasser, Casey & Rollins

  */s/ Christopher S. Morris*
Christopher S. Morris (WVSB #8004)