IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMERICAN METALS & COAL
INTERNATIONAL, INC.,
a Delaware Corporation,

        Plaintiff,

v.

WHITE MOUNTAIN MINING CO., LLC
 a West Virginia Limited Liability Company,
*et. al.*

        Defendants,                        Civil Action No. 2:05-0822


WHITE MOUNTAIN MINING CO., LLC
a West Virginia Limited Liability Company,

        Counterclaimant and Third
         Party Plaintiff,

v.

AMERICAN METALS & COAL
INTERNATIONAL, INC. *et. al*

        Counterclaim and Third Party Defendants,

SCM, INC., a corporation,

        Counterclaimant and Third Party Plaintiff,

v.

WHITE MOUNTAIN MINING CO., LLC
*et. al..*

        Counterclaim and Third Party Defendants.


WHITE MOUNTAIN MINING CO., LLC'S
REPLY ON PRE-TRIAL MATTERS

Defendant, Counterclaimant and Third-Party Plaintiff, White Mountain Mining Co., LLC

("White Mountain") states the following for its reply to AMCI's Response to Defendants Motion

and Memorandum Regarding Pre-Trial Matters.

*Counsel As Witness*

White Mountain accepts AMCI's and Redbank's stipulation that John Rollins will be removed from their respective witness lists in consideration of White Mountain's willingness to stipulate to the authenticity and admissibility of Joint Deposition Exhibit #32. Under those circumstances, White Mountain would agree that the issue is now moot.

*Damages Standard*

The AMCI response ignores the relief requested by White Mountain's motion relative to the standard of damages for an alleged breach of a contract to supply goods. It is unquestioned that, in the absence of the purchaser covering by buying alternative goods, the standard of damages is the loss based on the market price of the goods at the time. In this case AMCI's principal Hans Mende has claimed that AMCI's damages are based the price differential of the alleged White Mountain contract and a single contract of another company based on an alleged oral option to fill the third party contract with the coal to be supplied by White Mountain. White Mountain asserts in its motion that it is improper for AMCI to assert this claim *as the standard for damages* for the alleged contract and breach in this case regarding the so called Export Contract.

AMCI attempts to sidestep the issue of the standard by simply stating that the price on the third party contract in question is probative as to market value and is therefore admissible. There are several logical problems presented by this approach. First, this approach assumes the pricing in any coal contract existing in the relative period of time is in fact probative of the entirety of the market for the particular type of coal involved. Obviously, this fails to address the fact that what particular merchants who are not parties in this case may have done in a particular contract may be based on a variety of unknown circumstances that have nothing to do with the market price of the goods involved. Further, even if evidence was introduced that the particular contract was not based on pricing apart from the forces of supply and demand, without additional

evidence showing the contract in question is representative of the market, the evidence of the one contract is not in fact probative of market value and is therefore not relevant. Thus, absent an expert or other qualified party being able to connect the contract to the market, there is no basis of relevancy or other probative value in this case.

The other problem presented by the proposal to submit evidence of the particular contract is the potential for prejudice and confusion that outweighs any probative value of the evidence. While AMCI may say that it is merely trying to establish market value by submitting evidence of this specific contract, in fact it is presenting the obvious opportunity for the jury to assume that AMCI lost the difference in price represented in that particular contract. AMCI has proposed to present an expert at trial to establish market value and his value in his expert report is materially less than that represented by the single contract referred to by Mr. Mende. In turn, White Mountain has proposed its own expert witness to provide contrary evidence as to market value. To allow a normal presentation of market value before a jury by qualified experts to also include evidence of a single particular contract AMCI has singled out will unduly prejudice and confuse the consideration of the factual issue of market price.

Finally, it should be noted that the market issue may be moot depending on the Court's determination of pending summary judgment motions. The issue as to market price is only relevant to the Export Contract whose existence is disputed as a matter of fact by White Mountain. However, the issue on summary judgment is whether any such contract is enforceable as a matter of law. If the Court agrees it is not, then evidence of market value of the coal will not be a matter in issue at trial.

Based on the foregoing, White Mountain requests that the Court enter an order precluding testimony or evidence through Hans Mende or any other fact witness regarding isolated export coal sales contracts as the measure of damages or probative of the market value of the coal in issue. White Mountain also requests that the expert testimony from AMCI's

retained coal sales expert Daniel Selby be limited to the extent it relies upon a measure of

damages other than a differential based on contract versus market value.

WHITE MOUNTAIN MINIG CO., LLC
By Counsel

LEWIS, GLASSER, CASEY
 & ROLLINS, PLLC

/s/ John A. Rollins
John A. Rollins, WV Bar #3165
Spencer D. Elliott, WV Bar #8064
P.O. Box 1746
Charleston, WV 25326
(304) 345-2000

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2007 he served the foregoing on

the persons hereafter set forth by First Class United States Mail, postage pre-paid, to the address

noted and/or by electronic service.

Chris Morris
Bailey & Glasser, LLP
227 Capitol Street
Charleston, WV 25301

Mark Troy
Bailey & Wyant, PLLC
P.O. Box 3710
Charleston, WV 25337-3710

/s/ John A. Rollins